**Keith ROBINSON, Plaintiff,**

v.

**Tom RIDGE, et al., Defendants.**

**No. Civ.A. 96–6096.**

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1997.

Keith A. Robinson, pro se.

Claudia M. Tesoro, Dalinda E. Carrero, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

Anita B. BRODY, District Judge.

Plaintiff Keith A. Robinson ("Robinson") claims that defendants Governor Tom Ridge, Department of Corrections commissioner Martin Horn, SCI Graterford Superintendent Donald Vaughn, and a number of unnamed correctional officers, state police offi-cers, and others, violated his civil rights, as protected by 42 U.S.C. § 1983 and the Pennsylvania Constitution, when his cell at SCI Graterford was searched and certain property confiscated in connection with a an institution-wide search during a state of emergency.[1] Robinson specifically alleges violation of his right of access to the courts, his rights to free exercise under the First Amendment and the Religious Freedom Restoration Act, and his civil rights under the Pennsylvania Constitution.[2]

Currently before me for disposition are defendants Ridge and Horn's Motion for Judgment on the Pleadings, defendant Vaughn's Motion for Summary Judgment, and plaintiff's Motion for "Summary Judgment on the Pleadings." I conducted a hearing on the pending motions on October 31, 1997, and have reviewed the parties' pleadings. Out of fairness to Robinson as *a pro se* plaintiff, I will use the more lenient standard applicable to deciding a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings in analyzing the motions before me. In deciding motions for judgment on the pleadings, I apply the same standard as that applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Accordingly, viewing all the facts in a light most favorable to the non-moving party, and accepting as true the allegations in the non-moving party's pleadings, I may only grant a motion for judgment on the pleadings if it is beyond doubt that the non-movant can plead no facts that would support his claim to relief. *See Constitution Bank v. DiMarco*, 815 F.Supp. 154, 156(E.D.Pa.1993). I will **GRANT** defendants Ridge and Horn's Motion for Judgment on the Pleadings and defendant Vaughn's Motion for Summary Judgment. I will **DENY** plaintiff Robinson's Motion for "Summary Judgment on the Pleadings."

Plaintiff Robinson is an inmate at SCI Graterford. Members of the Correctional Emergency Response Team and "other unnamed correctional officers" conducted an in-

---

1. Plaintiff Robinson has not identified or served any defendants other than Vaughn, Ridge, and Horn since he instituted his suit over a year ago. Accordingly, I will dismiss the complaint as to the unnamed defendants.

2. I would also construe Robinson's complaint as alleging a violation of his Fourteenth Amendment due process rights.

stitution-wide search of SCI Graterford in October 1995 as part of a declared state of emergency. (Complaint ¶¶ 35, 39). The purpose of the search was to uncover drugs, currency, and weapons within the institution. (Complaint ¶ 35). During the search, Robinson's personal property, including legal documents and articles of his Islamic faith, were thrown on the floor and swept into the trash.(Complaint ¶¶ 35–48). Although Robinson asked for a receipt, the officials refused to give him one. (Complaint ¶ 41). Following the search, Robinson filed a grievance through the administrative procedures provided by SCI Graterford. (Complaint ¶¶ 16–33, 48). After an initial denial of relief, Robinson was offered reimbursement in the sum of $50.00, but rejected this offer, claiming the value of the destroyed property was significantly higher (Complaint ¶¶ 32, 33, 48). After pursuing his administrative remedies, Robinson filed this complaint.

■■■ (1) Robinson claims that defendants violated his rights under the Pennsylvania Constitution. Commonwealth officials and employees are immune from suit for those actions taken within the scope of their duties, except in those instances in which immunity has been specifically waived. 1 Pa.C.S.A. § 2310. The Defendants here we reacting within the scope of their employment for the Commonwealth at the time the events at issue occurred. Robinson's allegations of violations of his constitutional rights to access to the courts and free exercise of religion do not fall within any of the specified exceptions.[3] Furthermore, there is no waiver of general sovereign immunity for claims based upon the Pennsylvania Constitution. See Faust v. Commonwealth Department of Revenue, 140 Pa.Cmwlth. 389, 592 A.2d 835, 839 (1991). Accordingly, Robinson's pendent claims under the Pennsylvania Constitution must be dismissed.

(2) Robinson also brings suit pursuant to 42 U.S.C. § 1983. To establish a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the conduct of which he complains was committed by one acting under color of state law and that it deprived him of rights, privileges, or immunities guaranteed by the Constitution. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Piecknick v.Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir.1994); Carter v. City of Phila., 989 F.2d 117, 119 (3d Cir.1993).

■ Robinson alleges that state actors Horn, Ridge, and Vaughn violated his right of access to the courts and his rights to free exercise of religion. Robinson fails to state a § 1983 claim against any of the named defendants in either their official or personal capacities. Defendants Ridge, Horn, and Vaughn are all immune from suit for money damages under § 1983 in their official capacities pursuant to the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Although Vaughn, Ridge and Horn are not immune from suit in their personal capacities under § 1983, Robinson has failed to allege a cognizable deprivation of the rights, privileges, or immunities guaranteed him by the Constitution.

■■■ Robinson claims that the searchers confiscated notes of testimony, legal briefs, letters to his attorney, correspondence with the courts, a Black's Law Dictionary, and Rules of Court books. (Complaint ¶ 43). Although denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights, Zilich v. Lucht, 981 F.2d 694, 695 (3d Cir.1992), in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. Oliver v. Fauver, 118 F.3d 175, 177–78 (3d Cir.1997). The Supreme Court has defined actual injury

**3.** The Sovereign Immunity Act waives the Commonwealth's immunity in nine narrow categories of negligence cases. 42 Pa.C.S.A. § 8522(b). There are also waivers of immunity for contract claims (see Shovel Transfer and Storage v. Simpson, 523 Pa. 235, 565 A.2d 1153, 1155 (1989)); for claims brought under the Human Relations Act (see Mansfield State College v. Kovich, 46 Pa.Cmwlth. 399, 407 A.2d 1387 (1979)); for claims under the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5725(b); and for claims under the Clean Streams Law (see Dresser Industries Inc. v. Commonwealth, 146 Pa.Cmwlth. 114, 604 A.2d 1177 (1992)).

in the access to courts context as the loss or rejection of a nonfrivolous legal claim regarding sentencing or the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2179–82, 135 L.Ed.2d 606 (1996). Robinson alleged at oral argument that the deprivation of his legal documents has made it impossible for him to appeal his conviction. Robinson's access to courts claim must fail because he has not alleged the requisite actual injury from the loss of his legal documents.

■■■ Similarly, Robinson fails to state a claim for violation of his right to free exercise of religion. Robinson alleges that the searchers' confiscation of various religious materials from his cell prevented him from practicing some of the religious tenets required by his Islamic faith in violation of his rights to free exercise under the First Amendment and the Religious Freedom Restoration Act ("RFRA"). The Supreme Court recently held the Religious Freedom Restoration Act unconstitutional on the basis that Congress, in enacting RFRA, exceeded its enforcement power granted under Section 5 of the Fourteenth Amendment. *City of Boerne v. Flores*, —— U.S. ——, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Accordingly, in order to proceed on his free exercise claim, Robinson must satisfy the "reasonableness" test applied to claims brought by prisoners under the Free Exercise Clause of the First Amendment prior to the enactment of RFRA. *See O'Lone v. Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth.1997). Robinson must allege that the seizure of his religious materials, as part of the prison-wide search for contraband, was

not reasonably related to the prison's legitimate penological interests in security. *O'Lone*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282. Under the reasonableness test, prison officials are accorded wide-ranging discretion and deference in the adoption and execution of policies and practices to maintain internal order and security. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Here, Robinson's materials were seized as part of a random search directed at safety and security in the prison. Robinson has failed to allege that the seizure, however harmful to his religious practices, was not reasonably related to the prison's legitimate interests.[4]

**AND NOW,** this 16th day of December, 1997, **IT IS ORDERED** that defendants Ridge and Horn's Motion for Judgment on the Pleadings (Docket # 17) and defendant Vaughn's Motion for Summary Judgment (Docket # 20) are **GRANTED;** plaintiff's Motion for Summary Judgment (Docket # 19) is **DENIED;** plaintiff's motions to Compel Discovery (Docket # 15), to stay pretrial submissions and proceedings (Docket # 23), and for a Status Hearing (Docket # 26), and defendants Ridge, Horn, and Vaughn's motion for a stay of the proceedings pending my disposition of the substantive motions (Docket # 22) are **MOOTED.** Plaintiff's Complaint is **DISMISSED.**

---

**4.** Nor has Robinson sufficiently stated a claim for violation of his rights to due process under the Fourteenth Amendment. In order to state a viable claim under the Fourteenth Amendment, an inmate must allege that he was deprived of property and that he was entitled to process under the Fourteenth Amendment. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). No one disputes that Robinson was deprived of property. However, under circumstances such as these, a random search for contraband, courts have found that prisoners' entitlement to due process is circumscribed by safety and security interests. *See Bell v. Wolfish*, 441 U.S. 520, 555 (1979); *Pritchard v. Ridge*, 96–CV–4356 (E.D.Pa.1997) (Green, S.J.)

(granting motion to dismiss on facts identical to the instant case). Furthermore, an unauthorized and random taking of property from inmates by prison officials does not violate the Fourteenth Amendment if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Graterford has a grievance procedure. Robinson availed himself of it, and, at one point, was offered $50 in compensation, which he refused. This is adequate post-deprivation remedy. *See e.g., Rogers v. Brown*, 1996 WL 608473 (E.D.Pa.) (finding Pennsylvania correctional system's grievance procedure adequate as a post-deprivation remedy for confiscation of prisoner's legal documents).