IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,                          :
                    Petitioner            :
                                          :   No.  416 M.D. 2016
            v.                            :
                                          :   Submitted:  July 21, 2017
PA Department of Corrections,             :
SCI Camp Hill, SCI Forest,                :
                    Respondents           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  September 25, 2017


            Presently before this Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections (DOC), State Correctional Institution (SCI)-Camp Hill, and SCI-Forest (collectively the Respondents), in response to the *pro se* amended petition for review filed by David V. Jordan (Petitioner).  For the reasons that follow, we sustain Respondents' preliminary objections and dismiss Petitioner's amended petition for review.


                    **Facts and Procedural History**

            Petitioner is an inmate currently incarcerated at SCI-Forest.  He initiated this matter on July 21, 2016, by filing a petition for review with this Court.  On January 19, 2017, Petitioner filed an amended petition for review seeking declaratory

and injunctive relief, and asserting that Respondents violated his constitutional rights during his incarceration at the SCI-Camp Hill and SCI-Forest facilities. Petitioner properly served the amended petition for review on Respondents on February 14, 2017. In the amended petition for review, Petitioner asserts that Respondents "violated [his] First Amendment right against retaliation for the protected conduct of filing lawsuits, grievances, and threatening to sue." (Petitioner's brief at 7.) Specifically, Petitioner contends that, over a period of time since October 2015, Respondents unlawfully seized, confiscated, and/or destroyed legal documents related to active litigation; denied him access to legal documents; and refused him a second legal box to store legal documents, together "culminating in an outright stoppage on legal material exchanges." *Id.* Petitioner also argues that Respondents "engaged in a campaign of retaliatory harassment" in violation of his rights under the First Amendment. *Id.* at 8.

On March 13, 2017, Respondents filed their preliminary objections in the nature of a demurrer. Respondents argue that the amended petition for review fails to sufficiently support a claim for retaliation and should accordingly be dismissed, and that the other "blanket claims" asserted by the Petitioner, including official oppression, should be dismissed for the same reason. In response, Petitioner filed his answer to the preliminary objections on March 31, 2017. [1]

---

[1] Petitioner also filed his own preliminary objections in response to Respondents' preliminary objections. By Order dated April 10, 2017, the parties were directed to address Petitioner's preliminary objections in their briefs. Because Petitioner failed to do so, the Court will overrule his preliminary objections.

**Standard of Review**

When presented with preliminary objections in the nature of a demurrer, the Court must consider "whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). This consideration is subject to de novo review. *Id*

"In considering preliminary objections, [a court] must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* Conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion need not be accepted as true. *Id.* Because Pennsylvania is a fact-pleading jurisdiction, to overcome a demurrer, a pleading must not only notify the opposing party of the asserted claim, but also summarize the facts essential to that claim. *Richardson v. Wetzel*, 74 A.3d 353, 356-57 (Pa. Cmwlth. 2013) (citing *Sevin v. Kelshaw*, 611 A.2d 1232 (Pa. Super. 1992)).

**Retaliation Claim**

In *Yount v. Department of Corrections*, 966 A.2d 1115 (Pa. 2009), our Supreme Court held that to prevail on a First Amendment retaliation claim, a petitioner must state sufficient facts to show: (1) he engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the constitutionally protected conduct was a substantial or motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal. 966 A.2d at 1120-21.

While not binding on this Court, we find the reasoning of the United States District Court for the Western District of Pennsylvania to be persuasive when considering whether a petitioner stated facts sufficient to support a First Amendment retaliation claim: "In establishing the elements of a retaliation claim, a [petitioner] must come forward with more than 'general attacks' upon the [respondent's] motivations and must produce 'affirmative evidence' of retaliation from which a [fact-finder] could find that the [petitioner] had carried his burden of proving the requisite motive." *Miskovitch v. Hostoffer*, 721 F.Supp.2d 389, 396 (W.D. Pa. 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)). *See generally Wetzel* (dismissing petitioner's retaliation claim because he did not allege sufficient facts to support claim).

Petitioner alleges that, in retaliation for filing various lawsuits and grievances, Respondents "unlawfully seized, improperly confiscated, withheld and destroyed" four boxes of legal documents, "denied [him] access to legal materials, and [denied him] a second or subsequent legal box to store active litigations, [] which culminated in an outright stoppage as to legal material exchanges." (Petitioner's brief at 10.)

This Court has previously held that the filing of non-frivolous lawsuits and grievances by an inmate is constitutionally protected conduct, invoking a First Amendment right of access to the courts. *Bush v. Veach*, 1 A.3d 981, 985 (Pa. Cmwlth. 2010); *see also Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (acknowledging an inmate's constitutional right to petition the courts to present complaints). Accordingly, Petitioner satisfied the first prong of the *Yount* test.

The second prong requires a showing that retaliation against the constitutionally protected conduct resulted in adverse action. For purposes of a

retaliation claim, an adverse action is "one which is 'sufficient to deter a person of ordinary firmness from exercising his [constitutional rights.]'" *Yount*, 966 A.2d at 1121 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). "Where a [petitioner] advances a colorable, but not necessarily incontrovertible, argument he was subjected to adverse action, the issue is best resolved by the fact-finder." *Yount*, 966 A.2d at 1121.

Here, although Petitioner alleges that Respondents "unlawfully seized" and "improperly confiscated, withheld and destroyed" legal materials related to active litigation, Petitioner fails to assert any facts to allow this Court to conclude that Respondents engaged in adverse action sufficient to deter Petitioner from exercising his constitutional rights. Indeed, Petitioner continued to exercise his right to file lawsuits and grievances, through at least the date that the amended petition for review was filed, despite the alleged conduct of Respondents.

In further support of his retaliation claim and argument that he was denied access to his legal materials, Petitioner cites certain provisions and policies of the Department of Corrections. First, Petitioner cites DC-ADM-801 §6.A.8, attached as Exhibit B to his response to Respondents' preliminary objections, which permits a disciplinary custody status inmate to exchange legal materials once every 30 days and provides that the Program Review Committee *may* authorize more frequent exchanges not to exceed one per week.[2] Next, in his brief, Petitioner cites DC-ADM-815 §3.B.11.a, attached as Exhibit F, which provides that a Facility Manager *may*

---

[2] *See* DC-ADM-801 §6.A.8 ("Each facility shall establish procedures to permit an inmate to exchange legal materials from his/her cell with stored legal materials once every 30 days. The PRC may authorize more frequent exchanges based upon a demonstrated need that the inmate requires additional exchanges for active litigation. Such legal materials exchange, however, may not exceed one per week.").

5

permit an inmate to maintain extra storage boxes for legal materials related to active cases.[3] Importantly, both provisions are permissive, giving each facility the discretion to allow—or, alternatively, deny—more frequent exchanges and/or extra storage boxes. In light of the facts presented to the Court, as well as the discretionary language of the policies cited, we find that Petitioner has not demonstrated that Respondents acted in violation of those policies so as to constitute an adverse action.[4]

Third, a petitioner must demonstrate a causal relationship between the constitutionally protected conduct and the alleged adverse action, stating facts sufficient to show that the constitutionally protected conduct was a substantial or motivating factor for the retaliation. *See Coleman v. Clark*, (Pa. Cmwlth., No. 549 C.D. 2008, filed October 29, 2008), slip op. at 3. This causal relationship may be appropriately established by evidence of a temporal proximity between the prisoner's protected activity and the defendant's adverse action only when the "'timing of the alleged retaliatory action [is] unusually suggestive of retaliatory motive.'" *See Yount*, 966 A.2d at 1122 (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997)).

---

[3] *See* DC-ADM-815 §3.B.11.a ("The Facility Manager may permit an inmate to maintain extra storage boxes for legal materials for active cases. The only legal material permitted will be court filings, transcripts, notes of testimony, and notes prepared by the inmate. This does not include reference materials, books, or photocopied cases.").

[4] Petitioner also cites the Department of Correction's Code of Ethics (Petitioner's brief at 21), which is purportedly attached to his brief as Exhibit E. However, the Court is unable to ascertain whether Exhibit E is, in fact, a portion of the Code of Ethics. Therefore, the Court is unable to consider the applicability of this section. Similarly, Petitioner cites 6.3.1, Facility Security Procedures Manual §20 in the amended petition for relief (Amended Petition for Relief, ¶53.) Because section 20 of the Facility Security Procedures Manual does not appear to be part of the official record here and is not available to the general public, it will not be considered by the Court.

Mere allegations of adverse actions alone are insufficient to establish retaliation absent facts supporting an inference of a causal connection. *Coleman*, slip op. at 3 (citing *Baskerville v. Blot*, 224 F.Supp.2d 723 (S.D.N.Y. 2002)). This Court previously explained:

> Although denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights, in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an 'actual injury' to court access as a result of the denial. The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement.

*Hackett v. Horn*, 751 A.2d 272, 275-76 (Pa. Cmwlth. 2000) (quoting *Robinson v. Ridge*, 996 F.Supp. 447, 449 (E.D.Pa. 1997)).

In this case, Respondents argue that, although Petitioner made mention of several pending lawsuits and grievances, he failed to connect the alleged retaliation to a specific action or to state how the retaliation adversely affected that lawsuit. Respondents also contend that Petitioner failed to establish a temporal relationship between the constitutionally protected activity and alleged retaliatory conduct. Petitioner represents that the alleged retaliatory conduct occurred from October 2015 through June 2016. Meanwhile, Petitioner's lawsuits and grievances filed against Respondents span from 2013 through 2016. Notably, no retaliatory conduct is alleged from 2013 to October 2015, and no facts have been asserted to indicate which instance of retaliatory conduct is tied to which lawsuit and/or grievance.

Petitioner attaches copies of two separate grievances to his brief in opposition to Respondents' preliminary objections. Neither states facts sufficient to

7

infer a causal connection between the filed grievances and alleged retaliatory conduct by Respondents. Regardless, the Court will address grievance 607357, the facts of which are included in Respondents' brief in support of their preliminary objections.[5] The grievance, filed by Petitioner on January 19, 2016, seeks $2.2 million in damages and asserts that Respondents ignored Petitioner's repeated requests for access to his legal files for over three months and that they were "conspiring to intimidate [him] and deter [him] from pursuing [his] court actions as a means of retaliation . . . in violation of the [First] Amendment." (Respondents' brief, Exhibit A.) The grievance was denied on February 8, 2016, by Major D. Conrad, who explained:

> [Petitioner] did submit a request for legal exchange and was approved. Legal exchanges are conducted in a timely manner. Before the request could be completed [Petitioner] was placed on movement restriction due to assaulting a staff member. Once he came off movement restriction the 2-10 staff attempted to conduct the legal exchange on 1-28-16 but [Petitioner] refused. The 6-2 staff again attempted on 2-5-16 to conduct the legal exchange but [Petitioner] refused once more. This investigator cannot substantiate [Petitioner's] claim that staff are withholding any legal material. With the multiple attempts by staff to facilitate a legal exchange and [Petitioner] refusing this investigator deems this grievance frivolous.

*Id.* Petitioner appealed that decision to the Facility Manager, Michael D. Overmyer, on February 9, 2016, and the decision was upheld on March 7, 2016. In the appeal response, the Facility Manager noted that Petitioner presented no new evidence to substantiate his grievance and that all issues were reviewed and addressed in the "first

---

[5] The copies of grievances attached to Petitioner's brief were illegible. However, a copy of grievance 607357, along with supporting documentation, is attached to Respondents' brief in support of their preliminary objections at Exhibit A.

level response." *Id.* Petitioner next appealed to the Secretary's Office of Grievances and Appeals on March 17, 2016. The Chief Grievance Officer, Dorina Varner, ultimately upheld the appeal response acknowledging that Petitioner alleges "without specificity" that he was denied access to his legal files for three months and "incurred actual injury" with respect to his pending litigation. *Id.* In upholding the frivolous determination, Varner concluded that [Petitioner] was not denied access to his legal files; rather, his "assaultive behavior and personal refusals precluded access." *Id.*

Based upon the documentation supporting grievance 607357, the Court finds no evidence to suggest that retaliation resulted in Petitioner's inability to access his legal materials. Rather, it is apparent that Respondents thoroughly reviewed the grievance and clearly provided a rationale for its denial. Accordingly, Petitioner's amended petition for review fails to satisfy the third requirement stated in *Yount*, as it fails to evidence a causal relationship between the lack of access to Petitioner's legal files and his ability to file lawsuits and grievances against Respondents.

The fourth and final prong of the *Yount* test requires the Court to consider whether the alleged retaliatory conduct advanced a legitimate penological goal. In *Yount*, our Supreme Court concluded that the final element to establish a First Amendment retaliation claim places the burden of proof on a petitioner to affirmatively disprove that the Department of Correction's actions did not further a legitimate penological goal. *Yount*, 966 A.2d at 1121. The Supreme Court based this requirement on the "potential for abuse" inherent in retaliation claims, giving judicial deference to the "legitimate interest in the effective management of a detention facility" of prison officials. *Id.*

To determine whether this prong has been satisfied, this Court has applied the "some evidence" test established in *Hartsfield v. Nichols*, wherein the

United States Court of Appeals for the Eighth Circuit concluded that "claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing some evidence the inmate actually committed a rule violation." 511 F.3d 826, 831 (8th Cir. 2008) (internal citations omitted). The *Hartsfield* court explained that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation." *Id.* at 831.

We have previously explained:

> Although the United States Court of Appeals for the Third Circuit has never accepted or rejected the *Hartsfield's* court's holding in a published opinion, *see generally Watson v. Rozum*, (3d Cir., No. 13-3510, filed August 23, 2016) (unpublished), that court has approved and applied the holding in numerous unpublished opinions, and various federal district courts within the circuit have followed suit. Similarly, in *Hughes v. Beard*, (Pa. Cmwlth., No. 594 M.D. 2009, filed May 1, 2013), this Court applied the *Hartsfield* rationale in an unpublished memorandum to conclude that "a finding of 'some evidence' to support a prison disciplinary determination negates a prisoner's claim of retaliation."

*Horan v. Newingham*, (Pa. Cmwlth., No. 2622 C.D. 2015, filed October 24, 2016), slip op. at 5. This Court found the "some evidence" standard to be "particularly apt because it [was] consonant with the fourth prong of the *Yount* test, which requires the prisoner to prove that the misconduct [did] not further a legitimate penological goal . . . ." *Id.*

Prior case law has held that "limiting the amount of material that an inmate may keep in his cell is rationally related to legitimate penological goals of

10

safety and security." *Hackett*, 751 A.2d at 275 (finding that a prison regulation limiting each inmate to ten books and one box of legal materials was valid). The same rationale applies to this case. By his own admission, during a temporary transfer to SCI-Campbell from SCI-Forest, Petitioner was permitted to take with him three boxes of his legal files, and to keep one of those boxes with him in his cell. (Amended Petition for Review, ¶¶19-20.) Further, the amended petition for review cites two responses from Department of Correction officials, which explained that Petitioner had nine boxes of property in the Restricted Housing Unit and stated that, "Even with a legal exemption, [Petitioner was] (4) boxes over the limit. The excess [would] be sent . . . to be held, destroyed or shipped." (Amended Petition for Review, ¶¶34-35.) Petitioner was clearly advised of this rule violation, yet took no steps to preserve his legal materials in compliance with the detention facility's policies. Further, Petitioner failed to allege any facts suggesting that his litigation attempts were hindered in any way due to his inability to gain access to his legal materials. There is no evidence that any active lawsuits or grievances were dismissed or that he missed any filing deadlines. Therefore, we must conclude that Petitioner failed to state facts sufficient to prove that the conduct of Respondents did not further a legitimate penological goal.

As Petitioner did not satisfy the four prongs of the *Yount* test, this Court will sustain Respondents' preliminary objection with respect to the retaliation claim and dismiss that claim.

**Official Oppression and Other Claims**

The amended petition for review asserts numerous other claims against Respondents. These claims encompass a "campaign of retaliatory harassment,"

11

including, *inter alia*, official oppression and intimidation. (Amended Petition for Review, ¶¶55-56.) With respect to the claim of official oppression, no such civil action is recognized under Pennsylvania law. *Ferber v. City of Philadelphia*, 661 A.2d 470, 478 (Pa. Cmwlth. 1995); *see also Barner v. Correctional Officer Pientka*, (Pa. Cmwlth., No. 1679 C.D. 2016, filed June 12, 2017), slip op. at 2 (explaining that official oppression is a crime and finding "no legal authority . . . to support the contention that official oppression is a valid civil claim."). With respect to the remaining claims, Petitioner fails to allege sufficient facts to support entitlement to relief.[6]

As such, those claims will be dismissed.

## Conclusion

Based upon the foregoing, we conclude that Petitioner failed to meet his burden of establishing a claim to retaliation under the *Yount* test. Although he stated sufficient facts to show he engaged in constitutionally protected conduct, he failed to show that any retaliation against that conduct resulted in adverse action, that the constitutionally protected conduct was a substantial or motivating factor for the alleged retaliation, or that the retaliatory action did not further a legitimate penological goal. Petitioner's attempt to assert additional claims against Respondents also must fail due to his failure to allege sufficient facts to support an entitlement to relief.

---

[6] While Respondents' preliminary objections address a purported lack of access to the courts claim raised by Petitioner, Petitioner neither expressly raised such a claim in the amended petition for review, nor averred any facts that would be legally sufficient to support such a claim for relief. Therefore, the Court need not address Respondents' preliminary objection in that regard.

Accordingly, Respondents' preliminary objections are sustained, and the amended petition for review is dismissed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,                          :
                        Petitioner         :
                                   :   No.  416 M.D. 2016
                    v.                        :
                                   :
PA Department of Corrections,             :
SCI Camp Hill, SCI Forest,                :
                  Respondents       :

## *ORDER*

AND NOW, this 25th day of September, 2017, the preliminary objections of Respondents are sustained; the preliminary objections of Petitioner are overruled; and Petitioner's amended petition for review dated January 19, 2017, is hereby dismissed.

 

 

                                   _____

                                   PATRICIA A. McCULLOUGH, Judge