James Patrick HACKETT, Petitioner,

v.

Martin F. HORN, Secretary, Department of Corrections, Donald Vaughn, W.D. Conrad, A.J. Geist, R. Cox and the State Correctional Institution at Graterford, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 2000.

Decided May 5, 2000.

---

No appearance entered for petitioner.

Raymond W. Dorian, Camp Hill, for respondent, Department of Corrections.

Before COLINS, J., McGINLEY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Before the Court are the preliminary objections in the nature of a demurrer on behalf of Respondents Martin F. Horn, Secretary of the Department of Corrections (DOC), Donald Vaughn, W.D. Conrad, A.J Geist, R. Cox and the State Correctional Institution at Graterford (SCI–Graterford)[1] to a petition for review filed by James Patrick Hackett, an inmate currently housed at SCI–Graterford. In his petition, Hackett alleged that Respondents' new policy limiting each inmate to, *inter alia,* one box of legal materials, violated his constitutional rights to access to the courts. We sustain Respondents' demurrer and dismiss Hackett's petition.

In his petition, Hackett alleges the following facts. Hackett has been confined at SCI–Graterford since June 11, 1996. On August 19, 1999, a new institutional policy, SCIG 99–8, labeled "Security Review" was distributed to the inmates at SCI–Graterford. This policy established limitations upon the amount of property that may be kept in an inmate's cell. Pursuant to SCIG 99–8, an inmate is limited to keeping three newspapers, ten magazines, ten books and one box of legal material. *See* Petition for Review, Ex. A.

---

1. Secretary Horn is responsible, *inter alia,* for the overall administration and operation of all of DOC's correctional institutions, including SCI–Graterford. Vaughn is the Superintendent of SCI–Graterford. Conrad, Geist and Cox are correctional officers at SCI–Graterford.

In his petition, Hackett also alleges that on August 25, 1999, Respondents Geist and Cox entered his cell and told him that he had too much legal material and too many law books in his cell. Hackett further alleges that he was told that all legal material that would not fit into one cardboard box must either be destroyed or sent home within the next three weeks.

Hackett requests that this Court declare SCIG 99–8 to be in violation of his constitutional right to access to the courts. Hackett also seeks, *inter alia*,[2] a preliminary and permanent injunction: (a) prohibiting Respondents from retaliating against him in any way for filing this action; (b) prohibiting Horn and Vaughn from transferring him to any other institution during the pendency of this proceeding; (c) requiring Horn and Vaughn to remove from his prison files any misconducts and references to any events described in the petition; (d) requiring Horn and Vaughn to allow Hackett to retain all of his legal materials and law books; and (e) enjoining Respondents from confiscating the legal materials and law books of other inmates until a hearing can be held on this petition.

On October 19, 1999, Respondents filed preliminary objections wherein they (1) alleged a lack of proper service and (2) demurred on the grounds that Hackett had failed to state any cognizable claim against them. On October 20, 1999, this Court sustained Respondents' preliminary objections as to service only and directed Hackett to serve his petition on Respondents by certified mail. Hackett then served Secretary Horn and DOC's chief counsel by certified mail.

■ Currently before the Court for disposition is Respondents' demurrer.[3] "A demurrer may only be sustained when on the face of the complaint the law will not permit recovery." *Doxsey v. Commonwealth,* 674 A.2d 1173, 1174 (Pa.Cmwlth. 1996). When ruling on a demurrer, this Court must consider as true all well-pleaded relevant and material facts, as well as all reasonable inferences deducible therefrom. *Weaver v. Department of Corrections,* 720 A.2d 178 (Pa.Cmwlth.1998). However, the Court need not accept as true any expressions of opinion, argumentative allegations or unwarranted inferences from the facts. *Id.*

Respondents' first argument is that SCIG 99–8, which imposes limitations upon the amount of property that an inmate can keep in his cell, including legal materials, passes constitutional muster and thus does not violate Hackett's constitutional rights to petition or to have access to the courts. Citing *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), Respondents maintain that prison regulations are subject to a rational basis analysis. Therefore, they contend that a prison rule affecting an inmate's constitutional rights will pass constitutional muster if it is reasonably related to legitimate penological interests such as safety or security.

In *Green v. Johnson,* 977 F.2d 1383 (10th Cir.1992), the Tenth Circuit Court of Appeals recognized that prison rules which permitted inmates no more than two cubic feet of legal materials in their cells were reasonable and necessary in order to properly maintain the facility and to insure proper safety. In support, the Court in *Green* cited *Cruz v. Hauck,* 515 F.2d 322 (5th Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976). In *Cruz,* the Fifth Circuit Court of Appeals reasoned that a prison rule which restricted the storage of legal materials in a cell block was reasonable in view of the prison authorities' duties to maintain security and to guard against the danger of fire.

---

**2.** Hackett's petition also requested a jury trial, plaintiff's costs of suit and such other relief as this Court deems just, proper and equitable.

**3.** By order dated February 15, 2000, Hackett's "Answer to the Brief in Support of Respondents' Preliminary Objections" was stricken as an improper filing.

■ This Court believes that the rationale in *Green* and *Cruz* is persuasive and should be applied in the case *sub judice.* Applying the rational basis analysis to the facts in the instant case, this Court believes that the limitations imposed by SCIG 99–8 on materials, including legal materials, that may be kept in an inmate's cell are reasonably related to the legitimate penological goals of safety, security and fire hazard concerns. If the inmates were allowed to keep as much material as desired, an obvious fire hazard would be created. This is especially true where inmates are locked in their cells.

Moreover, an excessive amount of material in the cell provides an opportunity to hide contraband, including weapons and drugs. By limiting the amount of materials inmates may keep in their cells, the prison authorities are better able to insure the safety of the facility.

Nevertheless, this Court also recognizes that due process requires that an inmate must be afforded access to the courts in order to challenge unlawful convictions and violations of his constitutional rights. *Cruz.* However, we do not believe that SCIG 99–8 deprives an inmate of his right of access to the courts. Nothing in SCIG prevents an inmate from exchanging one set of law books for another or one box of legal materials for another. Consequently, an inmate may work on different legal matters as the need arises without maintaining an entire law library in his cell. In other words, nothing in SCIG 99–8 deprives an inmate of his right to petition the courts.

In view of the foregoing, this Court concludes that the institutional policy in SCIG 99–8 limiting the amount of material that an inmate may keep in his cell is rationally related to legitimate penological goals of safety and security. In addition, it does not deprive the inmate of his due process right of access to the courts. As such, this Court concludes, on balance, that SCIG 99–8 is a valid regulation. *Green; Cruz.*

■ Accordingly, this Court also concludes that Respondents Cox and Geist, two correctional officers acting pursuant to SCIG 99–8, did not violate Hackett's constitutional rights by informing him that pursuant to SCIG 99–8, he was limited to one box of legal material and ten law books. They were acting pursuant to a valid institutional policy.

■ Respondents' second argument is that Hackett failed to state an adequate claim that he was denied access to the courts as a result of the implementation of SCIG 99–8. Respondents maintain that in order to establish a denial of access to the courts, the inmate must show that he has suffered an actual injury to a non-frivolous legal claim.

In *Robinson v. Ridge,* 996 F.Supp. 447 (E.D.Pa.1997), *aff'd,* 175 F.3d 1011 (3d Cir. 1999), the United States District Court for the Eastern District of Pennsylvania reviewed a claim by Keith Robinson, an inmate at SCI–Graterford, that Respondents Horn and Vaughn had violated his constitutional rights to access to the courts by confiscating material from his cell. In *Robinson,* the Court reasoned:

Robinson claims that the searchers confiscated notes of testimony, legal briefs, letters to his attorney, correspondence with the courts, a Black's Law Dictionary, and Rules of Court books. (Complaint ¶ 43). Although denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights, *Zilich v. Lucht,* 981 F.2d 694, 695 (3d Cir.1992), in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. *Oliver v. Fauver,* 118 F.3d 175, 177–78 (3d Cir.1997). The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement. *Lewis v.*

*Casey,* 518 U.S. 343, 116 S.Ct. 2174, 2179–82, 135 L.Ed.2d 606 (1996). Robinson alleged at oral argument that the deprivation of his legal documents has made it impossible for him to appeal his conviction. Robinson's access to courts claim must fail because he has not alleged the requisite actual injury from the loss of his legal documents.

*Id.* at 449.

Respondents contend that, in the instant case, Hackett failed to allege that he suffered any actual injury as a result of SCIG 99–8's limitation on the possession of legal material in his cell. Respondents maintain that Hackett has not pointed to any legal case or cause of action that was harmed or defeated because of the restrictions in SCIG 99–8. Specifically, Respondents note that Hackett did not allege that he missed any deadlines or that he was prohibited from filing any particular pleading because of the limitations in SCIG 99–8.

·After reviewing Hackett's petition for review, this Court agrees with Respondents. Hackett merely alleges that SCIG 99–8 will impede his ability to keep fighting his conviction and will prevent him from helping other inmates. Clearly, the facts in the instant case are somewhat similar to those in *Robinson.* Hackett alleges that the Respondents' new policy will impede his ability to challenge his conviction. He has not alleged an "actual injury" in the *nature of a loss or rejection of a legal claim regarding sentencing or the conditions of confinement.* As a result, this Court concludes that Hackett has failed to state an adequate claim for denial of access to the courts. *Lewis v. Casey; Robinson v. Ridge.*

Hackett also alleges in his petition that he was given two misconducts by Respondent Geist, a correctional officer, in retaliation for filing a grievance alleging that SCIG violated his constitutional rights. However, as Hackett concedes in Paragraph 12 of his petition, he was given the misconducts for: "Possession or circulation of a petition, which is a document signed by two or more persons requesting or demanding that something happen or not happen, without the authorization of the Superintendent." Hackett's Petition for Review at 4. This admission is also supported by Respondents' response that Hackett was given the misconducts for violating DOC policy concerning the circulation and possession of petitions, which is set forth in DC–ADM–801. Consequently, Hackett's claim that Respondent Geist retaliated against him for filing the grievance is nothing more than an inference unwarranted by the facts, an argumentative allegation or simply an expression of Hackett's opinion. As a result, it is rejected by this Court. *Weaver.*

In view of the foregoing, this Court concludes that Hackett has failed to state any cognizable claims against Respondents. Therefore, Respondents demurrer is sustained and Hackett's petition for review is dismissed.

### O R D E R

AND NOW, this 5th day of May, 2000, Respondents' preliminary objections are sustained and Petitioner Hackett's petition for review is dismissed.