IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Murray,                              :
               Petitioner       :
                              :
        v.                          :
                              :
Pennsylvania Department of                  :
Corrections, et al.,                        :    No. 595 M.D. 2017
               Respondents      :    Submitted: November 21, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  May 2, 2019


      Before the Court are the Respondents' Preliminary Objections to [Amended] Petition for Review (Preliminary Objections) filed by the Department of Corrections (Department), Hearing Examiner Wiggins,[1] John Wetzel, and Joseph Dupont (collectively, "Respondents") in this Court on January 19, 2018 in response to *pro se* petitioner Albert Murray's (Murray) Amended Petition for Review (In the Nature of a Complaint In Mandamus) (Amended Petition).  Murray challenges the process utilized in the prosecution of misconduct violations that he received following a search of his cell.  He also raises claims that Respondents violated the

---

[1] Hearing Examiner Wiggins' first name does not appear in the record beyond the initial "S."

Administrative Agency Law,[2] denied his access to courts, and violated his rights under the First Amendment of the United States Constitution by retaliating against him for filing a grievance regarding treatment he received at his prison job. Respondents argue that: Murray's due process claim should be dismissed because he has failed to plead facts that establish Respondents denied him any protected property or liberty interest; the Administrative Agency Law does not apply to misconduct hearings; Murray has not pleaded an actual injury regarding his access-to-court claim; and Murray's First Amendment claim should be dismissed because he failed to plead facts that would disprove Respondents acted with a legitimate penological interest in issuing the disputed misconduct violations. For the reasons that follow, we sustain the Preliminary Objections.[3]

Murray is incarcerated at the State Correctional Institution at Somerset (SCI-Somerset). On August 14, 2017, Murray filed a grievance with prison officials related to his job in the prison laundry. *See* Official Inmate Grievance No. 691531, dated August 14, 2017 (Grievance), attached to the Amended Petition as Exhibit B1-B10.[4] The Grievance alleged that Murray's supervisor in the prison laundry had unfairly demoted him to a less desirable laundry task based on the supervisor's personal animosity against Murray and the animosity of another inmate employee against Murray. *See* Grievance at 1-2. Attached as exhibits to the Grievance,

---

[2] 2 Pa.C.S. §§ 501-508, 701-704.

[3] Also before this Court to be decided with Respondents' Preliminary Objections is Murray's motion for sanctions. *See* Motion for Sanctions filed August 7, 2018, and Orders dated August 20, 2018 and October 30, 2018.

[4] *See Diess v. Pa. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007) ("Courts reviewing preliminary objections may consider not only the facts pleaded in the complaint, but also documents or exhibits attached to the complaint, and based upon the averments and documentary support may address challenges to the legal sufficiency of the complaint.").

2

Murray included nearly identical signed statements from eight (8) other inmates Murray claimed supported his arguments against the prison laundry supervisor. *See* Grievance, Exhibits B3-B10.

On August 16, 2017, prison officials at SCI-Somerset conducted an investigative search of Murray's cell. *See* Department Misconduct Report dated August 16, 2017 (Misconduct Report), attached to the Amended Petition as Exhibit E. During the search, officials found and confiscated a homemade iPod case, an unpermitted extra-large laundry bag, a broken razor, and "27 papers pertaining to a petition against the CI laundry staff," all of which were considered contraband. *Id.* Prison officials charged Murray with the following misconduct violations: possession or circulation of a petition; possession of contraband; lying to an employee; failure to report the presence of contraband; and possession of any item not authorized for retention or receipt. *Id.*

A hearing on Murray's misconduct charges occurred before a hearing examiner, Respondent Wiggins, on August 18, 2017. *See* Department Disciplinary Hearing Report dated August 18, 2017 (Disciplinary Hearing Report), attached to the Amended Petition as Exhibit G. Murray pleaded guilty at the hearing to the charges of possession of contraband and failure to report the presence of contraband and not guilty to the charges of possession or circulation of a petition, lying to an employee, and possession of any item not authorized for retention or receipt. *Id.* The hearing examiner accepted Murray's guilty plea to the possession of contraband and failure to report the presence of contraband charges and found Murray guilty of the charge of possession or circulation of a petition.[5] The hearing examiner imposed

---

[5] The hearing examiner credited the prison official's version over Murray's version and found that Murray did, in fact, circulate a petition among other inmate laundry staff, who Murray also had sign and date reproduced forms. *See* Disciplinary Hearing Report. Accordingly, the

3

the following sanctions: (1) 30 days of disciplinary time for the possession or circulation of a petition conviction; (2) revocation of contraband for the possession of contraband conviction; and (3) 15 days of concurrently served disciplinary time and removal from his job in the prison laundry for the failure to report the presence of contraband conviction. *Id.*

Murray appealed the misconduct decision to the prison Program Review Committee (PRC), which affirmed the hearing examiner's decision on August 24, 2017. *See* PRC Decision and Rationale dated August 24, 2017, attached to the Amended Petition as Exhibit J2. Murray further appealed to the prison Superintendent, who also denied the appeal on September 19, 2017. *See* Superintendent's Decision dated September 19, 2017 (Superintendent's Decision), attached to the Amended Petition as Exhibit K2.[6] Following the issuance of the Superintendent's Decision, Murray appealed the misconduct decision to the Secretary's Office of Inmate Grievances and Appeals, which also denied the appeal on October 10, 2017. *See* Letter of Department Chief Hearing Examiner Joseph Dupont dated October 10, 2017, attached to the Amended Petition as Exhibit A.

---

hearing examiner determined that "[a] preponderance of the evidence exist[ed] to support the charge [of possession or circulation of a petition]." *Id.* The hearing examiner dismissed the remaining charges of lying to an employee and possession of any item not authorized for retention or receipt. *Id.*

[6] In denying Murray's appeal, the Superintendent's Decision explained as follows:

> I am in agreement with the Hearing Examiner and PRC's findings. I reviewed the documents in question with the Security Captain and although you claim they are in reference to a grievance, based on the content and nature of the documents found in your possession the documents support the decision. Therefore, I agree with the sanction and will not alter or dismiss the findings.

Superintendent's Decision.

On December 12, 2017, Murray filed his Petition for Review with this Court. In his Petition for Review, Murray claimed that his due process rights were violated during the grievance process and further alleged that the Respondents violated his right to access the courts, his right to free speech, and the Administrative Agency Law. Murray requested that this Court issue a variety of declaratory statements and various orders related to Murray's allegations and interpretations of the law regarding the confiscation of his property, the prison's grievance procedures, and the implementation thereof.

Respondents filed preliminary objections to the Petition for Review on January 19, 2018. Murray filed the instant Amended Petition for Review on February 6, 2018, which again requests this Court to issue declaratory statements and orders related to Murray's allegations and legal interpretations regarding the confiscation of his property and the content and implementation of the prison's grievance procedures.[7] Respondents filed the instant Preliminary Objections on

---

[7] Specifically, Murray requests that this Court:

A. Issue a Declaratory Judgment stating that:

1. The Respondents['] acts and omissions described herein violated the [Murray']s rights under the U.S. and Pa. Constitutions, and Administrative Agency Law.

2. Respondent Wetzel[']s regulation, 37 Pa. Code § 93.10, and Administrative Directive DC-ADM 801 policy are deficient and unconstitutional and violative of [Murray']s Due Process rights under the U.S. and Pa. Const.

3. Respondent Wetzel[']s regulation, 37 Pa. Code § 93.10, and Administrative Directive DC-ADM 801 policy is inadequate and inconsistent with state law and in violation of [Section 506 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*,] 71 P.S. § 186.

4. Respondent Wiggins['] actions in conducting the [Murray']s disciplinary hearing and Respondent Dupont[']s actions in sustaining the hearing violated [Murray']s rights under the Due Process Clause of the U.S. and the Pa. Const., and Administrative Agency Law.

5. Respondents['] actions in failing to provide a legally adequate hearing and a[n] adequate administrative remedy violated [Murray']s rights under the Due Process Clause of the U.S. and Pa. Const., and Administrative Agency Laws [sic].

6. Respondents['] actions in subjecting [Murray] to a[n] "ALL OR NONE" plea process violated his rights under the Due Process Clause of the U.S. and Pa. Const.

7. Respondent Wiggins['] actions in depriving [] Murray of 27 pages of written material and Respondent Dupont[']s actions in affirming the deprivation violated [Murray']s right to "Freedom of Speech" and "Access to Courts" under the U.S. and Pa. Const., and [Murray']s substantive due process rights under the 14th Amendment of the U.S. Const., and Respondents['] own regulation 37 Pa. Code § 93.9, and Administrative Directive DC-ADM 804 § 1 (A.24).

8. The deficiencies in Respondent Wetzel[']s regulation 37 Pa. Code § 93.10 and Administrative Directive DC-ADM 801 policy[] prejudiced [Murray] and produced an invalid plea.

9. The Respondents arbitrarily and irrationally singled [Murray] out as an individual for unfair treatment, and unnecessary discipline without a rational basis for the disparity in treatment, and that [Murray] was treated differently from other prisoners in similar situations for no just cause which denied [Murray] Equal Protection of the Law in violation of his 14th Amendment rights.

10. The actions of the Respondents deprived [Murray] of a protected property interest in the right to use, possess, enjoy, and read the 27 pages of written material.

B. To issue the following injunctive relief:

1. An order prohibiting the Respondents from taking any further action concerning [Murray']s 27 pages of written material.

2. An order compelling the Respondents to return [Murray']s 27 pages of written material.

3. An order compelling Respondent Wetzel to enforce 37 Pa. Code § 93.9, and DC-ADM 804 § 1 (A.24).

4. An order compelling Respondents Wiggins and Dupont to comply with 37 Pa. Code§ 93.9, and DC-ADM 804 § 1 (A.24), and Administrative Agency Law [].

5. An order prohibiting Respondents Dupont and Wiggins from deciding any remanded hearing concerning misconduct #CO65439 or related issues, due to the possibility of implicit bias.

6. An order prohibiting the Respondents from further practicing the "ALL OR NONE" plea process.

7. Order the Respondents to expunge the disciplinary conviction described in this complaint from [Murray']s institutional record.

8. Order the Respondents to reinstate [Murray] to his previous place of institutional employment at CI-Laundry with the prior rate of 42¢ an hour.

9. Order Respondents to credit [Murray] for time served in the RHU.

10. An order prohibiting the Respondents from utilizing the currently inadequate misconduct reports.

11. An order compelling the Respondents to correct the deficiencies in 37 Pa. Code § 93.10, and DC-ADM 801, along with the plea process and misconduct reports to reflect a multiple count scenario which is consistent with the law of this Commonwealth.

March 9, 2018.[8] Murray filed his Answer to Preliminary Objections on May 10, 2018. On May 21, 2018, this Court filed an order directing the Preliminary Objections to be decided on briefs. The parties have each submitted briefs, and the matter is now ripe for determination.

Initially, we note that:

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be

---

12. An order compelling the Respondents to provide [Murray] a full due process hearing.

13. An order enjoining the Respondents from taking any future action against [Murray] concerning the possession of any returned written material.

C. [Murray] also seeks equitable relief for the recovery of costs associated with the filing of this complaint and lost wages for the months of Aug., Sept., Oct., Nov., and Dec. 2017.

D. And any additional relief this [C]ourt deems just, proper and equitable.

Amended Petition at 22-25.

[8] After Murray's filing of the Amended Petition, this Court dismissed Respondents' original preliminary objections as moot by order dated February 15, 2018.

> sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

### *The Due Process Claim*

Respondents first argue that Murray's 14th Amendment due process claim should be dismissed because Murray has failed to plead facts that would establish that he was deprived of a protected property or liberty interest when he received 30 days in disciplinary confinement, had contraband seized from his cell, or lost his job in the prison laundry. *See* Respondents' Brief at 9-11. We agree.

As this Court has explained:

> The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process.

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017) (some internal citations omitted). Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. *See Myers v. Ridge*, 712 A.2d 791, 795 (Pa. Cmwlth. 1998). "For a prisoner, such a deprivation occurs when the prison imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Brown v. Blaine*, 833 A.2d 1166, 1172 (Pa. Cmwlth. 2003) (quoting

9

*Sandin v. Conner,* 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). "Lesser restraints on a prisoner's freedom are deemed to fall within the expected perimeters of the sentence imposed by a court of law." *Brown*, 833 A.2d at 1172 (quoting *Sandin*, 515 U.S. at 484) (internal quotation marks omitted). Prison inmates maintain no protected interest in being housed at any particular custodial level within a prison. *Chem v. Horn*, 725 A.2d 226, 229 (Pa. Cmwlth. 1999) ("remaining in a prison's general population is not a protected liberty interest"); *see also Sandin.* Prison inmates also have no property interest in maintaining a prison job or in property that is contraband. *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010); *Fennell v. Captain N.D. Gross* (Pa. Cmwlth., No. 1198 C.D. 2015, filed Feb. 5, 2016),[9] slip op. at 11 n.10 ("We recognize that . . . a prisoner does not possess a protectable property interest in contraband.") (citing *Lowrey v. Cuyler*, 521 F. Supp. 430, 433-34 (E.D. Pa. 1981)).

Here, although Murray received an aggregate of 30 days' disciplinary time for his misconduct, he has no protected interest in being housed at a particular custodial level. *See Chem*, 725 A.2d at 229. Further, 30 days' disciplinary time does not represent an atypical and/or significant hardship in relation to ordinary prison life so as to trigger a cognizable liberty interest. *See Singleton v. Lavan*, 834 A.2d 672, 675-76 (Pa. Cmwlth. 2003) (noting that an inmate's placement in restricted housing unit for 30 days does not violate his due process rights); *Brown*, 833 A.2d at 1172 (finding prisoner's confinement for 120 days in prison's long-term security unit did not impose an atypical and significant hardship in relation to ordinary prison life and did not trigger a liberty interest; no process was due even if the transfer resulted in a less favorable living situation). Likewise, Murray has no

_____

[9] This Court's unreported memorandum opinions may be cited for persuasive value. 210 Pa. Code § 69.414.

protected interest in maintaining his prison job. *See Bush*, 1 A.3d at 984; *see also Miles v. Wiser*, 847 A.2d 237, 240-41 (Pa. Cmwlth. 2004). Nor does Murray have a property interest in the witness statements/petition materials confiscated from his cell that the hearing examiner deemed to be contraband.[10] *See Lowrey*, 521 F. Supp. at 433-34. Consequently, neither Murray's 30 days' disciplinary custody, the loss of his job, nor the loss of his contraband property implicates his due process rights.

Further, the Amended Petition fails to plead facts sufficient to support a claim that the process Murray received in this matter was inadequate. This Court has held that the Department's internal grievance procedure provides constitutionally adequate and meaningful legal remedies to inmates. *See Fennell v. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed October 2, 2015); *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999). "Procedural due process is satisfied in prison disciplinary proceedings resulting in the loss of benefits when the inmate is afforded with (1) written notice of the violation charged at least 24 hours in advance of hearing; (2) a written statement by the factfinders as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses on his own behalf and to present documentary evidence when institutional safety or correctional goals will not be unduly placed in hazard." *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Here, a hearing occurred on Murray's misconduct charges pursuant to the Department's grievance procedures for which Murray had notice and an opportunity to present a written version of the events. *See* Amended Petition

---

[10] We note that Murray was not completely and permanently deprived of the papers confiscated from his cell in that the confiscated materials were copies of the materials Murray included as exhibits to the Grievance. *See* Amended Petition at 7, ¶ 32.

11

Exhibits E & H; Disciplinary Hearing Report. Murray complains that the hearing examiner denied his request to call certain requested witnesses.[11] *See* Amended Petition at 5-6, ¶¶ 19 & 21-23. However, aside from the charges to which Murray pleaded guilty, the hearing officer found Murray guilty only of the charge of possession or circulation of a petition. *See* Disciplinary Hearing Report. The Amended Petition does not plead that the confiscated papers were not in Murray's possession. Further, the Amended Petition does not plead that either of the requested witnesses would have presented exculpatory or even relevant evidence regarding the charge of possession or circulation of a petition. Thus, the Amended Petition fails to plead a legally sufficient claim for inadequate process regarding the possession or circulation of a petition charge.

Further, the United States Supreme Court has ruled that an inmate cannot state a cognizable claim for the deprivation of property where there exists an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984). Murray claimed that he had availed himself of the inmate grievance process in an attempt to remedy the seizure of his materials. *See* Amended Petition at 5, ¶ 20; 8-9, ¶¶ 42-43; 14, ¶ 68; 19-20, ¶ 91. Murray had a hearing, the result of which he appealed to the PRC, the prison Superintendent, and the Secretary's Office of Inmate Grievances and Appeals, losing at every level. The Amended Petition contained nothing beyond Murray's asserted dissatisfaction with the results of his Grievance, which dissatisfaction does not state a claim for deficient post-deprivation process.

Finally, to the extent Murray claims his due process rights were violated by being subjected to an "all-or-none" plea process, or that his guilty plea was

---

[11] Murray sought to call Correctional Officer Palmieri and Sgt. Porborsky. Amended Petition at 5, ¶ 19.

12

somehow treated as a blanket plea of guilty to all misconduct charges,[12] we note that, at his misconduct hearing, Murray pleaded guilty to two misconduct charges and not guilty to three misconduct charges. *See* Disciplinary Hearing Report. Thus, Murray's claim that he was subjected to an unfair or inadequate "all-or-none" plea process lacks merit.

### *The Administrative Agency Law Claim*

Murray also alleges Respondents' failure to provide adequate process violated his rights under the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704. *See* Amended Petition at 19-21, ¶¶ 90-94 (Count V). As we have explained, "[a] decision by an intra-prison disciplinary tribunal is not a final adjudication by an administrat[ive] agency within this Court's appellate jurisdiction[.]" *Robson*, 420 A.2d at 12. "It is well-established that [Department] decisions concerning misconduct charges are beyond the scope of this Court's appellate or original jurisdiction." *Curtis v. Canino* (Pa. Cmwlth., No. 160 M.D. 2015, filed Mar. 6, 2017) (finding not cognizable a claim challenging alleged disciplinary tribunal hearing misconduct or an original jurisdiction challenge to the result of a prison disciplinary tribunal). Thus, Murray fails to state a claim upon which relief may be granted based on a violation of the Administrative Agency Law.

### *The First Amendment Access to Courts Claim*

Murray also alleges the confiscation of his papers and legal materials from his cell violated his First Amendment right to access the courts. *See* Amended Petition at 19, ¶¶ 88-89 (Count IV).

___

[12] *See* Amended Petition at 3, ¶ 11; 6-7, ¶¶ 24-31; 13, ¶ 62; 16, ¶ 78; and 21, ¶ 98.

As this Court has explained:

> Although denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights, in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement.

*Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000) (quoting *Robinson v. Ridge,* 996 F. Supp. 447, 449 (E.D. Pa. 1997)) (internal citations omitted). Where a petitioner fails to point to any legal case or cause of action that was harmed or defeated by the confiscation of materials, the petitioner has not suffered an actual injury and fails to state an access to courts claim. *Hackett*, 751 A.2d at 276.

Here, Murray has failed to allege that any cause of action was harmed by the confiscation of his legal papers. In fact, the Amended Petition explains that the Grievance had been filed prior to the confiscation of the papers. As such, Murray has not claimed that the confiscation of his papers harmed a case or cause of action, and thus, Murray has failed to state an access to courts claim.

### *The Retaliation Claim*

To the extent Murray alleges Respondents violated his First Amendment rights by improperly retaliating against him for having filed the Grievance, he fails to state a claim.

In prisoner retaliation claims, "courts require proof the inmate engaged in constitutionally protected conduct, prison officials took adverse action, and the

14

protected conduct was a substantial or motivating factor for the action." *Yount v. Pa. Dep't of Corr.*, 966 A.2d 1115, 1120 (Pa. 2009). In addition to these basic elements, to prevail on a retaliation claim, a prisoner also maintains the burden of proof to disprove a legitimate penological goal for the alleged retaliatory action. *Id.* The reason for this requirement stems from the "potential for abuse" inherent in retaliation claims and also a policy of judicial deference to the prison officials' "legitimate interest in the effective management of a detention facility." *Id.* at 1120-21. "Claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Horan v. Newingham* (Pa. Cmwlth., No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 9 (quoting *Hartsfield v. Nichols*, 511 F.3d 826 (8th Cir. 2008)). "Thus, a defendant may successfully defend a retaliatory discipline claim by showing some evidence the inmate actually committed a rule violation." *Id.* Further, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation[.]" *Id.* at 9-10.

Here, Murray has not pleaded facts that establish Respondents lacked a legitimate penological interest in issuing the misconduct violations. Many courts have found that the banning of the circulation of petitions by prisoners represents a legitimate penological interest for prison administrators. *See May v. Libby*, 256 F. App'x 825, 829 (7th Cir. 2007) ("Banning petitions to maintain control over group activity by prisoners is a reasonable response to a legitimate penological concern."); *Westefer v. Snyder,* 422 F.3d 570, 575 (7th Cir. 2005) ("The decision of prison administrators as to the detrimental effect of [group activity] is a decision to which we owe great deference."); *Duamutef v. O'Keefe,* 98 F.3d 22, 24 (2d Cir. 1996) (explaining that prisons may ban circulation of petitions provided grievance

15

procedures remain available); *Wolfel v. Morris,* 972 F.2d 712, 716 (6th Cir. 1992) ("[A] prison does not violate a prisoner's rights by refusing to allow circulation of petitions."). Additionally, materials circulated for signature by multiple prisoners to support grievances can constitute a petition. *See May*, 256 F. App'x at 829 (finding that the confiscation of identical grievance materials ostensibly from 10 different inmates "substantiated the defendants' explanation that they searched [the prisoner's] cell not because he had grieved prison conditions, but because he had circulated a petition.").

> Here, the Amended Petition alleges simply:

> [Murray] avers that the actions of the Respondents were not related to a legitimate penological interest, and only served to arbitrarily and irrationally single [Murray] out as an individual for unfair treatment, [Murray] was treated differently from other inmates in similar situations without a rational basis.

Amended Petition at 10, ¶ 47. This bald accusation fails to state a claim that Respondents lacked a legitimate penological goal for the alleged retaliatory action. Thus, Murray's retaliation claim fails.

Additionally, the Amended Petition indicates that Murray actually committed multiple rule violations. First, he *pleaded guilty* to the charges of possession of contraband and failure to report the presence of contraband. *See* Disciplinary Hearing Report. This plea alone constitutes "some evidence" that Murray committed a rule violation. Further, the Amended Petition explains that the confiscated papers were copies and originals of exhibits to his previously-filed Grievance, which exhibits included nearly identical signed statements from multiple other inmates regarding Murray's complaints against the prison laundry supervisor.

16

*See* Amended Petition at 7, ¶ 32; *see also* Grievance Exhibits, attached to the Amended Petition as Exhibits B3-B10. These materials also represented "some evidence" of a violation of the prison rule against inmates possessing or circulating petitions. *See May*, 256 F. App'x at 829. For these reasons, the Amended Petition, to the extent it states a retaliation claim, fails to state a claim upon which relief may be granted.

Accordingly, we sustain Respondents' Preliminary Objections and dismiss the Amended Petition. Additionally, given our disposition, we deny Murray's Motion for Sanctions.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Murray,                              :
                    Petitioner             :
                                           :
         v.                                :
                                           :
Pennsylvania Department of                 :
Corrections, et al.,                       :     No. 595 M.D. 2017
                    Respondents            :

## O R D E R

AND NOW, this 2nd day of May, 2019, Respondents' Preliminary Objections to [Amended] Petition for Review are SUSTAINED and petitioner Albert Murray's (Petitioner) Amended Petition for Review (In the Nature of a Complaint In Mandamus) is DISMISSED with prejudice.

Petitioner's Motion for Sanctions filed August 7, 2018 is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge