IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Satterfield,                          :
                    Petitioner             :
                                           :
          v.                               :
                                           :
Pennsylvania Department of                 :
Corrections and John E. Wetzel,            :    No. 351 M.D. 2018
                    Respondents            :    Submitted: January 17, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: April 22, 2020


          Before this Court are the Pennsylvania Department of Corrections'
(Department) and John E. Wetzel's (Wetzel) (collectively, DOC) preliminary
objections (Preliminary Objections) to Paul Satterfield's (Satterfield) pro se petition
for review in the nature of a complaint in mandamus (Petition) filed in this Court's
original jurisdiction. After review, we sustain the Preliminary Objections and dismiss
the Petition.


                          **Background**[1]

          Satterfield is an inmate at the State Correctional Institution at Fayette
(SCI-Fayette). Inmates housed in the general population (GP) at SCI-Fayette
(Inmates) are permitted to visit the prison's Main Law Library (MLL) for one full

_____

[1] The following facts are as alleged in the Petition.

session per week or two half sessions per week. *See* Petition ¶6. Inmates are also permitted to attend the prison's MLL for a half session per week during their scheduled recreational library session. *See* Petition ¶7. Satterfield alleges that SCI-Fayette staff have closed the MLL on numerous occasions not permitted under DC-ADM 007 V, such as when there is a state of emergency or there is an extended disruption of normal facility operation, without providing make-up sessions to Satterfield.[2] *See* Petition ¶8.

Satterfield selected Tuesdays from 8:00 a.m. to 11:00 a.m. to use the MLL for one full session and diligently attends that session every week, provided the MLL is kept open. *See* Petition ¶10. Satterfield also selected Saturdays from 9:30 a.m. to 11:00 a.m. to use the MLL for his half session during his allotted recreational library period and diligently attends that session every week, provided the MLL is open. *See* Petition ¶11. Satterfield was scheduled to use the MLL on the following Tuesdays: October 31, and November 7, 14 and 28, 2017, and Saturdays: December 30, 2017, January 13 and 27, and February 17, 2018. *See* Petition ¶12. However, the

---

[2] Section 1-B.1.a of DC-ADM 007 provides:

> B. Law Library Services
> 1. Each facility shall develop local procedures governing the operation of the facility's [MLL], Mini Law Library, and Capital Case Mini Law Library, if any. Local procedures shall establish the following:
> a. specific hours during which the facility's [MLL], Mini Law Library, and Capital Case Mini Law Library, if any, shall be open. At a minimum, library services shall be available daily including evenings and weekends.
> b. the manner in which inmates must request access to the [MLL], Mini Law Library, and Capital Case Mini Law Library, if any; and
> c. any other aspect of the operation of the facility's [MLL], Mini Law Library, and Capital Case Mini Law Library, if any.

Petition ¶¶19-20. Satterfield did not attach DC-ADM 007 to his Petition.

MLL was closed on those dates and Satterfield was not provided any make-up sessions. *See id.* On said dates, times, and numerous other occasions, the MLL was closed when there was no state of emergency or extended disruption of normal facility operation. *See* Petition ¶13.

Satterfield filed four grievances addressing the MLL closures occurring on October 31, and November 7, 14 and 28, 2017; wherein, he sought compensatory and punitive damages, make-up sessions, and for the MLL to be kept open on the days and periods it is scheduled and required to be open, pursuant to the mandatory procedural requirements of DOC's internal directive DC-ADM 007 Section 1-B.1.a. *See* Petition ¶15. Three of the grievance denials were sustained at all appeal levels, through and including final review; the appeal process on the fourth grievance is pending. *Id.* Satterfield's claims regarding the four MLL closures occurring on December 30, 2017, January 13 and 27, and February 17, 2018, were sent to DOC Deputy Secretary for the Western Region, Trevor Wright, who allegedly refused and failed to act to remedy the matter. *See* Petition ¶17.

**Facts**

On May 15, 2018, Satterfield filed the Petition. Therein, Satterfield requested a declaration: (1) that DOC is required to comply with the procedural requirements of its internal directives and statutory regulation; (2) that DOC's omissions in failing to comply with its own regulations requiring the MLL to be kept open during all periods it is scheduled to be open, unless Wetzel suspended provisions or sections of DC-ADM 007 for a specific time period due to an emergency or extended disruption of normal facility operation, and not providing Satterfield make-up sessions therefor, denied Satterfield due process and equal protection of the law; and (3) that DOC's excessive failure to comply with its own regulations requiring the MLL to be kept open during all periods it is scheduled to be

3

open deprived Satterfield of reasonable access to legal reference materials in violation of Section 93.8 of DOC's Regulations, 37 Pa. Code § 93.8, requiring reasonable access to specified legal reference materials. *See* Petition at 13. Satterfield also requested mandamus[3] relief ordering DOC: (1) to comply with the mandatory procedural requirements of DC-ADM 007 Section 1-B.1.a. and keep the MLL open during all periods it is scheduled to be open; and (2) to provide make-up sessions for all MLL periods for which Satterfield was scheduled, but deprived due to unauthorized MLL closures. *See id.* Finally, Satterfield sought $25,000.00 in damages and costs. *See* Petition ¶54.

After being afforded numerous time extensions, DOC filed its Preliminary Objections in the nature of a demurrer on September 17, 2018. Therein, DOC alleged: (1) Satterfield failed to state a claim for mandamus relief; and (2) Satterfield failed to state a claim for denial of access to the courts. On February 7, 2019, Satterfield filed a Motion for Leave to Expand the Record, seeking to file all relevant grievance documents in addition to the initially-filed four Final Review responses to the four grievances that were attached to the Petition.

## Discussion

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

---

[3] Satterfield mischaracterizes this relief as "[p]reliminary [i]njuctive relief." Petition at 13.

4

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

DOC first argues that Satterfield has failed to state a claim upon which mandamus relief can be granted.

Initially,

[a] writ of mandamus compels the performance of a ministerial and mandatory duty. To prevail in mandamus, the petitioner must demonstrate a clear legal right for performance of an act by the government, a corresponding duty in the government to perform the ministerial act and mandatory duty, and the absence of any other appropriate or adequate remedy. A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.' *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005). Where the public official has discretion in how to perform the act, mandamus may compel the exercise of discretion, but it may not interfere with the manner in which the discretion is exercised. 'A writ of mandamus is an extraordinary remedy,' the purpose of which is 'to enforce rights that have been clearly established. Mandamus may not be used to establish legal rights or to compel performance of discretionary acts . . . .' *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014) (citation omitted).

5

*Sanders v. Wetzel*, 223 A.3d 735, 739 (Pa. Cmwlth. 2019) (citations omitted). "Moreover, [this Court] ha[s] held that the Department's policies generally do not create rights enforceable through mandamus and that the Department's failure to comply with a policy alone does not constitute a basis for a cause of action." *Id.* at 740.

Here, Satterfield challenges the Department's authority to manage the MLL's daily operation within SCI-Fayette, including when and under what circumstances make-up sessions are provided. Satterfield argues that the discretionary manner in which the MLL was closed, without offering make-up sessions, was contrary to DC-ADM 007. Because "[a]dministrative regulations or policies do not create rights in inmates[,]" Satterfield has failed to state a claim upon which mandamus relief can be granted. *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). Accordingly, this preliminary objection is sustained.

DOC next contends that Satterfield has failed to state a claim for denial of access to the courts. "[T]his Court [] recognizes that due process requires that an inmate must be afforded access to the courts in order to challenge unlawful convictions and violations of his constitutional rights." *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000).

However,

> in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an 'actual injury' to court access as a result of the denial. *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343 . . . (1996).

*Hackett*, 751 A.2d at 275-76 (quoting *Robinson v. Ridge*, 996 F. Supp. 447, 449 (E.D. Pa. 1997), *aff'd*, 175 F.3d 1011 (3d Cir. 1999)).

Here, Satterfield avers that as a result of the MLL closures with no make-up sessions:

> [Satterfield's] continuing unlawful imprisonment was caused to be increased due to his efforts to redress grievances in court being obstructed, due to the severe impeding and hampering of [Satterfield's] ability to engage [in] legal research, prepare and file the following court documents: a mandamus petition in the United States Supreme Court, regarding [Satterfield's] continuing unlawful imprisonment; several motions in ongoing federal habeas corpus litigation in the previously cited case *Satterfield v. Johnson*, . . . , [322 F.Supp.2d 613 (E.D. Pa. 2004)]; and three (3) or more federal civil rights complaints under [Sections 1983 and 1985 of the United States Code,] 42 U.S.C. §[§] 1983[,] 1985.

Petition ¶14. Essentially, Satterfield alleges that his prison time was increased because he could not prepare and file certain pleadings. However, because Satterfield did not aver which claims were either "los[t] or reject[ed]," much less specify facts demonstrating that the claims were "nonfrivolous," Satterfield has failed to state a claim for denial of access to the courts. *Hackett*, 751 A.2d at 275-76 (quoting *Robinson*, 996 F. Supp. at 449). Accordingly, this preliminary objection is sustained.[4]

For all of the above reasons, DOC's Preliminary Objections are sustained and Satterfield's Petition is dismissed.

_____
ANNE E. COVEY, Judge

---

[4] Given the disposition of the Preliminary Objections, Satterfield's Motion for Leave to Expand the Record is dismissed as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Satterfield,  :
          Petitioner  :
            :
          v.  :
            :
Pennsylvania Department of  :
Corrections and John E. Wetzel,  :   No. 351 M.D. 2018
          Respondents  :

## O R D E R

AND NOW, this 22nd day of April, 2020, the Pennsylvania Department of Corrections' and John E. Wetzel's preliminary objections to Paul Satterfield's (Satterfield) pro se petition for review in the nature of a complaint in mandamus (Petition) are SUSTAINED and the Petition is DISMISSED.

Satterfield's Motion for Leave to Expand the Record is DISMISSED as moot.

_____
ANNE E. COVEY, Judge