# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,         :
           Petitioner    :
                          :
      v.                 :    No. 191 M.D. 2021
                          :    SUBMITTED: January 27, 2023
Pennsylvania Department of    :
Corrections,                    :
           Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: May 19, 2023**

       Before the Court, in our original jurisdiction, are the preliminary objections of the Pennsylvania Department of Corrections to the *pro se* amended petition for review of Petitioner Bruce L. Wishnefsky, an inmate currently incarcerated at the State Correctional Institution (SCI) at Laurel Highlands. Petitioner challenges the constitutionality of the Department's mail policy, DC-ADM 803, Inmate Mail and Incoming Publications (Policy),[1] in particular the portion requiring incoming non-privileged mail be sent to and processed by a service provider in Florida. For the reasons that follow, we sustain the Department's preliminary objection in the nature of a demurrer and dismiss the amended petition.

---

[1] The Policy can be found at www.cor.pa.gov (last visited May 18, 2023).

The pertinent facts are as follows. Prior to September 2018, all incoming inmate mail – including both privileged and non-privileged mail – was to be addressed and delivered directly to the mailroom at the SCI where the inmate was housed. The SCI's mailroom staff would search the mail and then deliver it to the inmates. This process changed in September 2018, after the Department signed an agreement with Smart Communications Holdings (SmartCom) to conduct its mail scanning and processing services. The Policy[2] provides that incoming *privileged* mail should still be addressed and sent directly to each SCI, wherever the inmate is located. However, all *non*-privileged mail should be mailed to SmartCom's Post Office Box in St. Petersburg, Florida. SmartCom's staff opens and scans all non-privileged inmate mail, and then electronically transmits the scanned copies to the appropriate SCI staff. Non-privileged mail under the Policy includes legal mail from attorneys representing individuals and government agencies engaged in litigation against inmates, including Petitioner; in other words, legal mail other than that sent by attorneys representing the inmates.

Petitioner essentially claims that the Policy delays his receipt of legal mail and results in his having reduced time periods in which to respond to opposing parties' filings. As Petitioner alleges:

> 7. Under th[e P]olicy, legal mail from lawyers representing persons or institutions or Pennsylvania governmental agencies, including the [Department], who are in litigation against [] inmates, is not privileged mail and must be sent to SmartCom in St. Petersburg, Florida.
>
> 8. When Petitioner mails a copy of a document he has filed in court to the [O]ffice of [C]hief [C]ounsel, or the

_____

[2] While the amended petition references a Department memorandum issued on September 7, 2018, explaining the new mail process, we note that the current Policy was issued and went into effect in August 2020.

2

[O]ffice of [A]ttorney [G]eneral, or private counsel representing an opposing litigation party, it is sent directly to those attorneys and they have the normal time to respond.

9. But when these attorneys mail a copy of their court filings to Petitioner, they must, under [the P]olicy send these to SmartCom in St. Petersburg, Florida, which often results in Petitioner and other [] inmates,[3] receiving this mail in an untimely manner, sometimes even after the responses to the filings are due.

10. The differences in the full response time allowed to Petitioner's litigation opponents, including [the Department], and the reduced response time allowed to P[etitioner] is a violation of the procedural due process right to be heard, and can have, and has had a fatal effect on Petitioner's claims against Dr. Salameh and [the Department] and other private parties in both state and federal court.

Am. Pet. ¶¶ 7-10 (footnote added). As for the relief sought, Petitioner requests that all mail being sent to him during the course of litigation by the Office of Chief Counsel, the Office of Attorney General, and private counsel be treated as privileged mail and sent directly to him at SCI-Laurel Highlands, or wherever he may be housed, rather than being processed through SmartCom.

The Department filed preliminary objections arguing that the amended petition should be dismissed for lack of standing and failure to state a cognizable claim for relief (demurrer). The Department's objections are somewhat intertwined as they are both based upon a lack of specificity. First, the Department argues that Petitioner failed to plead "with any specificity that he missed a filing deadline, had

---

[3] While the amended petition makes reference to other inmates, Petitioner has since clarified that his claims are brought solely on his own behalf. *See* Pet'r's Response to Preliminary Objections ¶ 30. In any event, an inmate proceeding *pro se* may not commence a class action lawsuit. *Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013).

a case dismissed, or had a case that was harmed by the delay in receiving documents from opposing counsel through Smart Com[]." Dep't's Br. at 8. Because Petitioner failed to aver "any real and direct negative consequences" stemming from the Policy, he has not demonstrated a substantial, immediate, and direct interest in the matter and lacks standing. *Id.* at 7-8. Similarly, the Department maintains that Petitioner has failed to plead specific facts establishing that the Policy's requirement that his non-privileged legal mail be processed through SmartCom violated his right to meaningful access to the courts.[4] More specifically, the amended petition should be dismissed because Petitioner did not allege that the Policy prevented him from pursuing a nonfrivolous and arguable claim, or caused him to lose the opportunity to seek a particular form of relief.

Before turning to the Department's arguments, we note that

> [w]hen reviewing preliminary objections to a petition for review in our original jurisdiction, this Court must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts. Courts, however, are not required to accept as true conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations.

---

[4] As is evident from its preliminary objections, the Department views the amended petition as raising an access to courts claim rather than a procedural due process claim. The amended petition repeatedly mentions the phrase "due process" and even avers that the Policy results in Petitioner "being denied notice and the meaningful right to be heard." Am. Pet. ¶¶ 13, 16, 19. Despite these references, however, we agree with the Department's interpretation of the underlying claim. The main thrust of the amended petition is the court system and, more specifically, Petitioner's purported inability to respond to his adversaries' court filings as a result of his delay in receiving mail. There is no reference to any denial of administrative procedure by the Department, such as through the inmate grievance system. Moreover, a claim for denial of access to the courts is grounded, at least in part, in the concept of due process. *See infra* n.6. Given all of this, and considering the substance of the amended petition, we agree with the Department's interpretation of the specific claim asserted herein. *See Heinly v. Com.*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993) (noting courts are presumed to know the law and a petitioner, in particular one proceeding *pro se*, is not required to specify the legal theory underlying his action).

> In ruling on a preliminary objection in the nature of a demurrer, the objection is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible; if doubt exists, then it should be resolved in favor of overruling the objection.

*Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). Further, "'courts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019).

We begin with the Department's demurrer. While a prisoner's right to access the courts is derived from an express provision of the Pennsylvania Constitution[5] and multiple provisions of the United States Constitution,[6] the analysis under both federal and state law is the same. *See, e.g.*, *Bronson v. Horn*, 830 A.2d 1092, 1094-95 (Pa. Cmwlth. 2003).

> [I]n order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). The [United States] Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding [] sentencing or the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343[] (1996).

---

[5] Pa. Const. art. I, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.").

[6] *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (discussing First Amendment's petition clause, U.S. Const. amend. I, and Fourteenth Amendment's equal protection and due process clauses, U.S. Const. amend. XIV, as sources of prisoners' right to access the courts).

*Hackett v. Horn*, 751 A.2d 272, 275-76 (Pa. 2000). Therefore, at a minimum, Petitioner would have needed to (1) allege he had a nonfrivolous, arguable underlying claim, and (2) describe how the Policy frustrated his ability to pursue that claim. *See Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the [petition for review] sufficient to give fair notice to a defendant."); *see also Lewis*, 518 U.S. at 351 ("the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the [Policy] hindered his efforts to pursue a legal claim").

Here, the amended petition fails to identify a nonfrivolous, arguable underlying claim that was lost due to the delay in Petitioner's mail caused by the Policy. Petitioner's general reference to "claims against Dr. Salameh and [the Department]" is insufficient to put the Department on notice of how the Policy allegedly burdened Petitioner's rights. Am. Pet. ¶ 10. Moreover, Pennsylvania rules require fact-pleading and Petitioner's inability to identify any deadlines he missed or how he was prevented from filing particular pleadings due to the Policy is fatal to his claim. *See* Pa.R.Civ.P. 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."). Therefore, we agree with the Department that the amended petition fails to state a viable access to courts claim because Petitioner failed to offer any facts[7] as to the specific harm he

---

[7] In his response and brief in opposition to the preliminary objections, Petitioner mentions several prior cases he was involved in and claims that he purportedly lost due to delays in receiving his mail. However, because this information was not included in or appended to the amended petition, it was not properly pled and cannot be considered by the Court. *See Foxe*; *Cnty. of Berks*.

suffered.[8]  *See Sierra v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 88 M.D. 2019, filed Oct. 6, 2021) (holding prisoner failed to state a viable access to courts claim due to failure to plead specific harm); *Young v. Wetzel* (Pa. Cmwlth., No. 792 C.D. 2020, filed Mar. 16, 2021) (same);[9] *see also Ortiz v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 615 M.D. 2018, filed Sept. 14, 2021), slip op. at 7 (noting "courts have made it clear that the protections afforded privileged mail and access to the courts are greater than those for non-privileged mail," and finding prisoner "failed to demonstrate a constitutional violation at issue").[10]

Accordingly, we sustain the Department's demurrer and dismiss the amended petition.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[8] The Department characterizes the amended petition as a mandamus action.  In his response and brief in opposition to the preliminary objections, Petitioner asserts that he is not seeking mandamus but rather injunctive relief.  Regardless of how the underlying action is characterized, the amended petition fails to state a cognizable claim for relief.

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  This Court's decisions in *Sierra* and *Young* are particularly persuasive as they both concern access to the courts claims stemming from the Policy at issue here.

[10] Given our disposition, we need not reach the Department's remaining preliminary objection.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,          :
            Petitioner     :
            :
        v.           :    No. 191 M.D. 2021
            :
Pennsylvania Department of    :
Corrections,             :
          Respondent    :

## **O R D E R**

AND NOW, this 19th day of May, 2023, the Preliminary Objection of the Pennsylvania Department of Corrections in the nature of a demurrer is SUSTAINED. The Amended Petition for Review is DISMISSED with prejudice.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita